VERNON HILLS III LIMITED PARTNERSHIP, Plaintiff and Counterdefendant-Appellee, v. ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Defendant (Bucon, Inc., d/b/a Butler Construction Company, Defendant and Counterplaintiff-Appellant).

Second District    No. 2—96—0724

Opinion filed April 3, 1997.

Peter G. Swan, of Emalfarb, Swan & Bain, of Highland Park, and Matthew R. Hale and Troy H. Ellis, both of Polsinelli, White, Vardeman & Shalton, of Kansas City, Missouri, for appellant.

John H. Anderson, of Seyfarth, Shaw, Fairweather & Geraldson, of Chicago, for appellee.

PRESIDING JUSTICE GEIGER delivered the opinion of the court:

The defendant and counterplaintiff, Bucon, Inc. (Bucon), appeals from the April 23, 1996, order of the circuit court of Lake County granting summary judgment in favor of the plaintiff and counterdefendant, Vernon Hills III Limited Partnership (VHLP), on its claim for declaratory judgment. The trial court ruled that Bucon forfeited its mechanic's lien by failing to commence an action to foreclose the lien within 30 days after receipt of VHLP's written demand to sue,

as required by section 34 of the Mechanics Lien Act (the Act) (770 ILCS 60/34 (West 1994)). On appeal, Bucon argues that the trial court erred in finding that VHLP's letter of July 29, 1994, constituted a written demand to sue pursuant to section 34 of the Act. We affirm and remand.

The facts necessary for the disposition of this appeal are as follows. On February 18, 1993, VHLP contracted with Bucon to design and build a shopping center in Vernon Hills. Bucon was to design and construct all of the buildings, as well as numerous site improvements, including the parking lot and utility connections. The contract provided that Bucon would be paid approximately $15 million for the project. Bucon commenced construction in the spring of 1993, and a certificate of substantial completion was issued on August 22, 1994.

On July 21, 1994, Bucon filed a mechanic's lien against the shopping center in the Lake County recorder's office. The lien was in the amount of $1,315,249. On August 1, 1994, Bucon received, via certified mail, a letter from VHLP dated July 29, 1994. The letter provides, in pertinent part:

"Pursuant to Article 11.4 of that certain Design Build Contract dated as of February 18, 1993, *** between [VHLP] and [Bucon] for the design and construction of a retail shopping center *** located in Vernon Hills, Illinois, this letter shall serve as notice of your breach on the Contract pursuant to Article 11.5.2 of the Contract.

Article 11.5.2 of the Contract provides that '[i]n no event may Design/Builder file, or permit those whom it controls or for whom it has legal responsibility under the Contract to file, a mechanics' *** lien or claim for lien for work performed under the Contract ***.' However, on July 21, 1994, a claim for lien in the amount of $1,315,249.00 was filed in the Lake County Recorder's Office ***. This course of action is clearly in violation of the Contract.

We hereby demand that you either immediately release your lien or bring suit to enforce it so that this matter can be expeditiously resolved. We fully intend to look to your organization in order to recapture any additional costs we may incur in connection with your actions. In addition, in the event this lien is not released of record immediately, we will pursue all other rights and remedies available in the Contract, at law or in equity in response to your breach and your failure to fulfill the requirements of this letter."

On August 3, 1994, Bucon received a follow-up letter from VHLP's attorney dated July 28, 1994. The letter provided as follows:

"You should be receiving, if you have not received already, a copy of ownership's letter in connection with the mechanic's lien

you recently filed under Illinois' Mechanic's Lien Statute (770 ILCS 60/1, *et seq.*). It is not the purpose of this letter to alter the contents of ownership's letter, but I did want to initiate with you a discussion as to why you have filed the lien and what purpose you think it will serve and further to suggest a dialogue to accomplishing the mutual objectives of your company and ownership. If you are so inclined, please give me a call."

Thereafter, VHLP's attorney and Bucon's attorney had several conversations in which they discussed the lien. During these conversations, Bucon's attorney explained that, although Bucon intended to preserve its rights under the Act, it would nonetheless assist VHLP in closing out the project. VHLP's attorney reiterated VHLP's position that Bucon had breached the contract by filing the lien.

On August 4 and 17, 1994, VHLP's attorneys wrote Bucon regarding certain paperwork that had to be completed in order to close out the project and to get the property ready for sale. After August 1994, Bucon and VHLP continued to correspond through their attorneys with respect to completing the steps necessary to close out the project. Bucon fully cooperated with these efforts to complete the project.

On October 27, 1994, VHLP made a claim to Bucon seeking liquidated damages arising from construction delays on the project. Between November 1994 and August 1995, Bucon and VHLP engaged in negotiations in an attempt to settle Bucon's lien and VHLP's delay claim. The parties arrived at a tentative settlement agreement whereby Bucon would discount its lien from $1,315,249 to $922,901.50 and the parties would mutually release their claims. However, this settlement agreement broke down when the parties were unable to reach an agreement with respect to alleged defects in the building's roof.

On January 13, 1995, VHLP filed suit against Bucon claiming damages in excess of the amount of Bucon's lien. On February 27, 1995, VHLP filed an amended five-count complaint. Count IV, which is the only count relevant on appeal, sought a declaration that Bucon had forfeited its mechanic's lien by failing to commence an action to foreclose its lien within 30 days after receipt of VHLP's written demand to sue as required by section 34 of the Act (770 ILCS 60/34 (West 1994)). In June 1995, Bucon filed a counterclaim against VHLP seeking a judgment in the amount of its contract balance. On August 30, 1995, Bucon filed a separate action seeking enforcement of its lien.

On January 19, 1996, VHLP filed a motion for summary judgment on count IV of the amended complaint. VHLP argued that its

letter of July 29, 1994, was a written demand, made pursuant to section 34 of the Act, that Bucon commence suit to enforce its mechanic's lien. Although Bucon received VHLP's letter on August 3, 1994, it did not file suit to enforce its lien within the next 30 days. VHLP therefore concluded that Bucon had forfeited its lien under section 34 of the Act.

In response to the motion, Bucon argued that VHLP's July 29, 1994, letter was not a written demand to sue under section 34 of the Act. Bucon argued that the letter did not contain any reference to section 34 and did not indicate that Bucon's failure to commence suit within 30 days would render its lien void. In support of its position, Bucon submitted the affidavit of its attorney stating that he did not understand the July 29, 1994, letter to be a demand pursuant to section 34 of the Act. Bucon's attorney also stated that he was unaware of section 34 at the time he received the letter and that at no time did VHLP's attorney mention the statute or its contents. Alternatively, Bucon argued that, even if the July 29, 1994, letter was a written demand to sue under section 34 of the Act, VHLP was estopped from asserting the defense due to its subsequent conduct and attempts to settle the lien.

On April 23, 1996, the trial court granted VHLP's motion for summary judgment and declared Bucon's mechanic's lien forfeited and null and void. On May 23, 1996, the trial court made this order final and appealable pursuant to Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)). Bucon filed a timely notice of appeal.

Bucon first argues that the trial court erred in determining that, as a matter of law, VHLP's July 29, 1994, letter satisfied the statutory demand requirements of section 34 of the Act. Bucon argues that this question is a disputed material fact which precludes the entry of summary judgment.

■ The purpose of a motion for summary judgment is to determine whether a genuine issue of triable fact exists (*Purtill v. Hess*, 111 Ill. 2d 229, 240 (1986)), and a motion for summary judgment should be granted only when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law" (735 ILCS 5/2—1005(c) (West 1994)). In determining the existence of a genuine issue of material fact, the court must construe the evidence strictly against the moving party and liberally in favor of the nonmoving party. *Gatlin v. Ruder*, 137 Ill. 2d 284, 293 (1990). The disposition of a summary judgment motion is not discretionary and the standard of review is *de novo*. *Quinton v. Kuffer*, 221 Ill. App. 3d 466, 471 (1991).

■ Section 34 of the Act provides, in pertinent part:

"Upon written demand of the owner *** served on the person claiming the lien ***, requiring suit to be commenced to enforce the lien or answer to be filed in a pending suit, suit shall be commenced or answer filed within 30 days thereafter, or the lien shall be forfeited. Such service may be by registered or certified mail, return receipt requested, or by personal service." 770 ILCS 60/34 (West 1994).

The failure of the lienholder to commence suit within 30 days of receipt of a written notice made pursuant to section 34 of the Act operates to forfeit and remove the mechanic's lien. *Pickus Construction & Equipment Co. v. Bank of Waukegan*, 158 Ill. App. 3d 141, 146 (1987).

■ We are not aware of any Illinois case that has specifically articulated the precise language required of a written demand to sue made pursuant to section 34 of the Act. Lacking any such judicial interpretation, we will look to the plain meaning of the statute's language, as well as the legislature's intent in enacting the statute. See *In re Application of County Collector*, 181 Ill. App. 3d 345, 348 (1989). The best indication of the legislature's intent is the statute's language, and, where the statutory language is unambiguous, the court must enforce the law as written. *Oak Brook Park District v. Oak Brook Development Co.*, 170 Ill. App. 3d 221, 229 (1988). We also note that mechanics lien statutes are in derogation of the common law, and therefore such statutes must be strictly construed. *Matthews Roofing Co. v. Community Bank & Trust Co.*, 194 Ill. App. 3d 200, 205 (1990).

■ Applying these rules of statutory construction to the instant case, we conclude that VHLP's July 29, 1994, letter satisfied the written demand requirements of section 34 of the Act and triggered the tolling of the 30-day limitation period. The plain language of the statute requires only that the owner of the property make a written demand to the lienholder requiring that suit be commenced to enforce the lien. Such a written demand must be served either personally or by registered or certified mail, return receipt requested. VHLP's letter of July 29, 1994, satisfies all of these statutory requirements: the letter is a written demand by the property owner (VHLP) to the lienholder (Bucon), demanding Bucon "either immediately release" the lien or "bring suit to enforce it." The letter was sent via certified mail, return receipt requested, and Bucon signed for the letter on August 1, 1994.

Bucon correctly notes that the July 29, 1994, letter makes no reference to either section 34 of the Act or the requirement that Bucon

file a lien enforcement suit within 30 days. Such information, however, is not statutorily required by section 34 of the Act. We decline to impose additional notice requirements that are not contained within the plain language of the statute. It was not the responsibility of VHLP to educate Bucon, or its attorney, about the operation and effect of the Act. As the July 24, 1994, letter satisfied all of the statutory requirements of section 34, it was effective to trigger the tolling of the 30-day period during which Bucon was obligated to commence suit to enforce its lien.

Bucon also argues that, even if the July 24, 1994, letter was a sufficient demand pursuant to section 34 of the Act, VHLP is estopped from raising such a defense by reason of its conduct during the 30-day period after Bucon received the letter. Specifically, Bucon relies on VHLP's participation in settlement negotiations on Bucon's lien, as well as VHLP's repeated requests for Bucon's assistance with the paperwork necessary to close out the project. This argument is without merit.

■ Illinois courts have held that the time limitations contained in the various sections of the Act are jurisdictional and that there is no right to a lien unless the statutory periods are complied with. *Muehlfelt v. Vlcek*, 112 Ill. App. 2d 190, 193 (1969). These time limitations are not subject to waiver or estoppel, because unlike statutes of limitation, they are not merely a limitation on the remedy afforded under the Act, but rather a condition that must be satisfied before the right to the remedy under the Act exists. *Garbe Iron Works, Inc. v. Priester*, 99 Ill. 2d 84, 88 (1983); *D.M. Foley Co. v. North West Federal Savings & Loan Ass'n*, 122 Ill. App. 3d 411, 418 (1984). The failure to comply with the Act's time limitations results in the loss of the statutory remedy afforded under the Act. *Well Done Heating & Sheet Metal Co. v. Ralph Schwartz & Associates*, 112 Ill. App. 3d 438, 442-43 (1983).

However, even if the estoppel doctrine could be applied to bar VHLP from asserting the defense provided by section 34 of the Act, the circumstances in the instant case would not support the doctrine's application. Estoppel applies only in those instances where: (1) the defendant has made some misrepresentation or concealment of a material fact; (2) the defendant had knowledge, either actual or implied, that the representations were untrue at the time they were made; (3) the plaintiff was unaware of the untruth of the representations both at the time they were made and the time they were acted upon; (4) the defendant either intended or expected his representations or conduct to be acted upon; (5) the plaintiff did, in fact, rely upon or act upon the representations or conduct; and (6) the plaintiff has acted

on the basis of the representations or conduct such that he would be prejudiced if the defendant is not estopped. *Strom International, Ltd. v. Spar Warehouse & Distributors, Inc.*, 69 Ill. App. 3d 696, 703 (1979). The mere pendency of negotiations conducted in good faith is insufficient to give rise to estoppel. *Viirre v. Zayre Stores, Inc.*, 212 Ill. App. 3d 505, 515 (1991).

In making its estoppel argument, Bucon focuses on several letters by VHLP attorneys to Bucon during the 30 days following its receipt of the July 24, 1994, letter. These communications related to (1) the parties' "mutual objectives" in resolving matters and closing out the project without resorting to litigation; (2) VHLP's request that Bucon assist with the paperwork necessary to close out the project; and (3) a plan for the project's closeout and the deposit of Bucon's lien waiver in escrow. Bucon argues that the totality of this conduct creates a question of fact as to whether VHLP "lulled" Bucon into not filing a suit to enforce its lien.

Contrary to Bucon's assertions, however, in none of these letters does VHLP indicate that it was withdrawing its written demand to sue. Rather, these communications discuss the steps necessary to close out the project and express the general hope that litigation could be avoided. Such correspondence does not reasonably support an inference that VHLP was relinquishing its statutory rights pursuant to section 34 of the Act. In fact, VHLP's attorney expressly indicated in a July 28, 1994, letter that it was not the intent of the communication to alter the contents of "ownership's letter in connection with the mechanic's lien" filed by Bucon. We cannot believe that Bucon was "lulled" into not filing suit, when its own attorney admitted that he was unaware of the procedural requirements set out by section 34 of the Act. We therefore conclude that VHLP was not estopped from exercising its statutory rights pursuant to section 34 and that the trial court properly entered summary judgment in its favor.

■ As its final argument, Bucon contends that the application of section 34 to forfeit its lien is unconstitutional. Bucon asserts that the written demand provisions of section 34 are insufficient to satisfy the requirements of procedural due process. Bucon argues that it should have been given an opportunity to be heard prior to the deprivation of its property interest in the lien.

We do not address the merits of this argument as it has not been properly presented on appeal. Supreme Court Rule 341(e)(7) (155 Ill. 2d R. 341(e)(7)) admonishes appellants that argument in an appellant's brief shall include "citation of the authorities *** relied on. *** Points not argued are waived and shall not be raised in the reply brief ***."

A reviewing court is entitled to have issues clearly defined with pertinent authority cited and coherent arguments presented; arguments inadequately presented on appeal are waived. *Spinelli v. Immanuel Lutheran Evangelical Congregation, Inc.*, 118 Ill. 2d 389, 401 (1987). Statements unsupported by argument or citation of relevant authority do not merit consideration on review. *Holmstrom v. Kunis*, 221 Ill. App. 3d 317, 325 (1991). A reviewing court will not become an advocate for, as well as the judge of, points the appellant seeks to raise. *Holmstrom*, 221 Ill. App. 3d at 325.

Bucon has barely articulated, much less properly supported, grounds for its constitutional argument. The only authority cited by Bucon in its appellate brief is *Connecticut v. Doehr*, 501 U.S. 1, 115 L. Ed. 2d 1, 111 S. Ct. 2105 (1991), and this authority was cited without comment. We agree with VHLP that *Doehr* is inapposite to the situation presented here. In *Doehr*, the United States Supreme Court held that Connecticut's *ex parte* attachment procedure was unconstitutional because it permitted trial courts to make a prejudgment attachment of real estate without prior notice or hearing to the landowner. 501 U.S. at 24, 115 L. Ed. 2d at 21, 111 S. Ct. at 2119. Section 34 of the Act does not impress a lien on a landowner's property interest; instead, the section creates a statutory limitations period for a lienholder to enforce its lien. Because Bucon has failed to cite any relevant authority to support its argument, it has waived the argument pursuant to Rule 341(e)(7).

For the foregoing reasons, the judgment of the circuit court of Lake County is affirmed, and this cause is remanded for further proceedings consistent with this decision.

Affirmed and remanded.

INGLIS and HUTCHINSON, JJ., concur.