SIXTH DIVISION

May 25, 2001

No. 1-99-4374

TYRONE CARR, ) Appeal from the

) Circuit Court of 

Plaintiff-Appellant, ) Cook County.

)

) No. 96 L 1368

)

COOK COUNTY HOSPITAL and )

JAMES RUCINSKI, M.D., ) Honorable

) Susan G. Fleming,

Defendants-Appellees. ) Judge Presiding.

JUSTICE O'BRIEN delivered the opinion of the court:

Plaintiff, Tyrone Carr, appeals the order of the circuit court granting a directed verdict for defendants, Cook County Hospital and Doctor James Rucinski, on plaintiff's complaint for medical malpractice.  On appeal, plaintiff argues the court erred in (1) granting a directed verdict for defendants based on the immunities provided under the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) (745 ILCS 10/6-105, 10/6-106(a) (West 1992)); (2) denying plaintiff's motion to strike defendants' affirmative defenses; and (3) denying plaintiff's motion 
in
 
limine
 to bar defendants' expert from testifying.  We affirm.

On August 22, 1979, plaintiff (who was nine years old at the time) lacerated his left foot on a piece of glass.  Plaintiff's mother, aunt, and uncle took him to the emergency room at Cook County Hospital, where Doctor Rucinski cleaned plaintiff's wound, sutured his skin, and prescribed an antibiotic.  Doctor Rucinski then discharged plaintiff from the hospital.

Plaintiff's foot continued to hurt, so on August 29, 1979, he returned to Cook County Hospital.  Plaintiff was referred to the orthopedic department, where doctors discovered that he had damage to the tendons in his left foot.  Plaintiff subsequently underwent reconstructive surgery.

Plaintiff filed a two-count complaint against defendants. Count I alleged that Doctor Rucinski was negligent for failing to adequately perform a physical examination and failing to diagnose and treat a ruptured tendon.  Count II alleged that Cook County Hospital failed to properly staff its facility and monitor plaintiff's condition and was otherwise negligent in the care and treatment provided to plaintiff.   Approximately one month before trial, defendants filed affirmative defenses alleging that plaintiff's cause of action was barred by sections 6-105 and 6-106(a) of the Tort Immunity Act.  Section 6-105 provides immunity from liability to a local public entity and its employees who have failed to make an adequate physical examination; section 6-106(a) provides immunity from liability to a local public entity and its employees who have failed to diagnose a physical illness.

After trial began, plaintiff filed a third amended complaint adding a new count alleging that Cook County Hospital was liable for the negligence of its agent, Doctor Rucinski. 

At the close of plaintiff's case, defendants moved for a directed verdict, arguing that Doctor Rucinski's failure to examine and treat plaintiff (counts I and III of the third amended complaint) were barred by section 6-105 of the Tort Immunity Act.  Defendants also argued that plaintiff had failed to present any evidence supporting the allegations in count II that Cook County Hospital had failed to staff its facility and otherwise acted negligently in the treatment of plaintiff.  The circuit court granted defendants' motion for directed verdict.  Plaintiff filed this timely appeal.

First, plaintiff argues that the court erred in granting a directed verdict for defendants on counts I and III of plaintiff's third amended complaint.
(footnote: 1)  A directed verdict is properly entered when all of the evidence, viewed in the light most favorable to the opponent, so overwhelmingly favors the movant that no contrary verdict based on that evidence could stand.  
Pedrick v. Peoria & Eastern R.R. Co.
, 37 Ill. 2d 494, 510 (1967). The court has "no right" to enter a directed verdict if there is any evidence demonstrating a substantial factual dispute or where the assessment of the credibility of the witnesses or the determination regarding conflicting evidence is decisive to the outcome.  
Maple v. Gustafson
, 151 Ill. 2d 445, 453-54 (1992).

Plaintiff argues that the court should have denied defendants' motion for a directed verdict because a question of fact exists as to whether Doctor Rucinski mistreated plaintiff's injured tendons.  Plaintiff cites section 6-106(d) of the Tort Immunity Act, which states:

"Nothing in this section exonerates a public employee from liability for injury proximately caused by his negligent or wrongful act or omission in administering any 
treatment
 prescribed for mental or physical illness or addiction or exonerates a local public entity whose employee, while acting in the scope of his employment, so causes such an injury."  (Emphasis added.)  745 ILCS 10/6-106(d)(West 1996).

Here, though, Doctor Rucinski never treated plaintiff's injured tendons.  Plaintiff's expert, Doctor Ogden, testified as follows:

"Q.  Did [Doctor Rucinski], in your opinion, from a review of the medical records and all of the other materials, did he treat in any manner, way, shape, or form, medically, did he treat medically the lacerated *** anterior tibial tendon?

A.  Did he treat them? No.

Q.  Okay.  Did he medically treat in any manner, way, shape or form the lacerated extensor hallucis longus tendon?

A.  No.

Q.  Did he treat any of the lacerated nerves and arteries, the peroneal nerves or the dorsal pedis artery?

A. No."

Doctor Rucinski testified that he examined plaintiff's left leg and diagnosed his injury as a laceration that had 
not
 affected the "deeper structures of the leg, the muscles, the tendons, the nerves, and the blood vessels."  Doctor Rucinski treated the skin laceration by cleaning the wound, suturing the skin, and prescribing an antibiotic.  Doctor Rucinski then discharged plaintiff from the hospital.

The uncontradicted evidence is that Doctor Rucinski did not treat plaintiff's lacerated tendons; therefore, section 6-106(d) of the Tort Immunity Act (which holds public employees responsible for negligently prescribing or administering treatment) is inapplicable.  Rather, the evidence concerned Doctor Rucinski's alleged failure to properly examine or diagnose plaintiff, for which defendants are immune pursuant to sections 6-105 and 6-106(a) of the Tort Immunity Act.  Accordingly, the circuit court did not err in granting defendants' motion for directed verdict.   See, 
e.g.
, 
Mabry v. County of Cook
, 315 Ill. App. 3d 42 (2000)(defendants were immune from liability under sections 6-105 and 6-106(a) where plaintiff's entire cause of action was premised on defendants' failure to examine and diagnose the patient's pulmonary embolism).  

Plaintiff further argues that the court erred in granting the directed verdict because Doctor Rucinski offered no evidence that he met the applicable standard of care.  It is not Doctor Rucinski's burden to prove that the applicable standard of care was met.  Plaintiff bears the burden of establishing that the defendant physician did not meet the applicable standard of care.  
Borowski v. Von Solbrig
, 60 Ill. 2d 418 (1975).  Our supreme court has affirmed the granting of a directed verdict where, as here, defendant's conduct falls within the immunities of the Act.  See 
Fitzpatrick v. City of Chicago
, 112 Ill. 2d 211 (1986).

Next, plaintiff argues that the circuit court erred in denying his motion to strike defendants' affirmative defenses as untimely.  The record shows that plaintiff filed his first complaint on August 9, 1985.  Defendants filed their affirmative defenses of the Tort Immunity Act on June 30, 1999.  Trial began on August 3, 1999. 

The circuit court has broad discretion to allow the addition of new defenses on just and reasonable terms at any time before final judgment as long as other parties do not sustain undue prejudice or surprise.  
Hobart v. Shin
, 185 Ill. 2d 283, 292 (1998).  Plaintiff argues that defendants prejudiced plaintiff by filing their affirmative defenses after the completion of fact discovery, thus preventing plaintiff from deposing Doctor Rucinski and Doctor Ogden on the defenses and preparing an  appropriate trial strategy. 

 We find no prejudice, as plaintiff fails to show how he would have countered defendants' affirmative defenses even if they had been filed prior to the completion of fact discovery.  As discussed, sections 6-105 and 6-106(a) of the Tort Immunity Act immunize defendants from Doctor Rucinski's failure to properly diagnose and examine plaintiff.  Thus, the only way in which plaintiff could recover from defendants is if he proved that Doctor Rucinski negligently 
treated
 his damaged tendons.  At trial, Doctor Rucinski specifically testified that he treated 
only
 plaintiff's lacerated skin, subcutaneous tissue, and muscle fascia–not plaintiff's tendons.  Plaintiff's expert, Doctor Ogden, also testified, after reviewing the medical records, that Doctor Rucinski did not treat plaintiff's tendons.  Further discovery would not change the operative facts here, 
i.e.
, that Doctor Rucinski examined and diagnosed plaintiff but did not treat plaintiff's tendons and thus is not liable in tort under the Tort Immunity Act.  Therefore, the circuit court did not err in denying plaintiff's motion to strike the affirmative defenses of the Tort Immunity Act.

Further, even if the circuit court had granted plaintiff's motion to strike the affirmative defenses immediately before trial, plaintiff filed a third amended complaint 
after
 trial had begun, necessitating an answer from defendants in which defendants could have asserted the affirmative defenses again. Thus, the outcome here (a directed verdict for defendants based on the Tort Immunity Act) would have been the same.

Next, plaintiff argues that the Tort Immunity Act violates the equal protection clause by distinguishing between patients injured by medically negligent diagnosis and patients injured by medically negligent treatment.  Plaintiff waived review of this issue by completely failing to cite any authority in support thereof.  See 177 Ill. 2d R. 341(e)(7); 
Vernon Hills III Limited Partnership v. St. Paul Fire & Marine Insurance Co.
, 287 Ill. App. 3d 303, 310-11 (1997).

Finally, plaintiff argues that the circuit court erred in denying his motion 
in
 
limine
 barring defendants' expert from testifying.  Plaintiff was not prejudiced thereby, as the expert never testified. 

For the foregoing reasons, we affirm the circuit court.

Affirmed.

CAMPBELL, P.J., and BUCKLEY, J., concur.

FOOTNOTES
1:
Plaintiff does not argue that the court erred in directing a verdict for defendants on count II of plaintiff's third amended complaint.  Therefore, plaintiff has waived review of the issue on 

appeal.  See 177 Ill. 2d R. 341(e)(7).