NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2022 IL App (4th) 210596-U

NO. 4-21-0596

IN THE APPELLATE COURT

FILED
June 2, 2022
Carla Bender
4th District Appellate
Court, IL

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| *In re* Estate of H. PATRICIA FRANTZ, Deceased | ) ) ) | Appeal from the Circuit Court of Livingston County |
| (Bryan Frantz, | ) | No. 19P66 |
|     Petitioner-Appellant, | ) | |
|     v. | ) | Honorable |
| John Trainor, | ) | Carla E. Barnes, |
|     Respondent-Appellee). | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Justices Turner and Steigmann concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The appellate court affirmed, holding that:

(1) The trial court had subject-matter jurisdiction at the time it entered orders awarding attorney fees to the claimant and granting the claimant's "Motion for Setting Aside of Deed and Sale of Real Estate";

(2) The appellant forfeited his claims concerning the applicability of the doctrines of *laches* and judicial estoppel by failing to set forth coherent arguments in support of these claims;

(3) The appellant forfeited his claims that the trial court violated his right to due process in various ways by failing to present adequate argument or citation to relevant authority in support of these claims; and

(4) The alleged violations of the Code of Judicial Conduct and the Illinois Rules of Professional Conduct identified by the appellant were not properly before the court on appeal.

¶ 2	The instant case concerns a claim filed against the estate of the decedent, F. Patricia Frantz, by John Trainor pursuant to a promissory note and mortgage executed by the decedent. Trainor opened the decedent's estate and eventually filed a "Motion for Setting Aside of Deed and Sale of Real Estate," which requested that the court find that a deed the decedent executed before her death purportedly conveying the property covered by the mortgage to a trust did not effectively transfer title to the property. Trainor also requested that the court order the parcel be sold to pay his debt. The court granted the motion and awarded Trainor attorney fees in the amount of $6275.

¶ 3	Bryan Frantz, one of the decedent's heirs, appeals as a self-represented litigant. Trainor has not filed an appellee brief. Bryan argues as follows: (1) "755 ILCS 5/18-4 when used creates Estoppel and Latches [*sic*] within the probate case"; (2) the right to due process of the decedent and her heirs was violated in several ways; and (3) the trial court and Trainor's counsel engaged in improper procedures and bad-faith conduct in violation of professional rules. We affirm.

¶ 4	I. BACKGROUND

¶ 5	On August 22, 2019, Trainor, a creditor of the decedent, filed a petition for letters of administration concerning the estate of the decedent. Barbara Frantz and Bryan Frantz, two of the decedent's children, entered appearances in the matter as self-represented litigants. A will executed by the decedent was admitted to probate, and Barbara was appointed as executor. The trial court entered an order declaring heirship, finding that Barbara, Bryan, Kay Chew, Carol Cozby, and Bruce Frantz were heirs of the decedent.

¶ 6	On September 16, 2019, Trainor filed a claim against the estate in the amount of $47,151.42. Trainor alleged that he held a mortgage against certain property of the decedent in

the principal amount of $112,069.92 plus interest. Trainor alleged that the mortgage had been signed on April 23, 2004, and recorded on April 26, 2004.

¶ 7 On June 3, 2020, Trainor filed a petition seeking to remove Barbara as executor due to her alleged failure to provide an accounting or expediently pay the debts of the estate. Barbara resigned as executor. On July 28, 2020, the trial court appointed Chew as independent administrator. Chew was represented by attorney William Bertram.

¶ 8 On November 20, 2020, Trainor filed a "Motion for Setting Aside of Deed and Sale of Real Estate." In the motion, Trainor alleged that the decedent owned a certain parcel of real estate and that she signed a note and mortgage to his benefit on April 23, 2004. The motion alleged that the decedent signed a deed (the deed) on September 18, 2013, which purported to transfer the parcel to the H. Patricia Frantz Trust (the trust), a revocable trust. The motion stated that the deed was not filed with the county recorder until several months after the decedent's death. The motion requested that the court find the deed to be invalid on the basis that the decedent's failure to file the deed during her lifetime constituted a lack of delivery. Trainor further argued that the decedent, as trustee of the trust, failed to accept the deed in writing as required by statute. The motion requested that the court order the parcel be sold to satisfy Trainor's claim against the estate. The motion also requested "such other and further relief as may be deemed just."

¶ 9 Trainor attached copies of the mortgage and the deed to the motion. He also attached a copy of a "Promissory Note and Agreement" (the note) executed by the decedent on the same day as the mortgage. The note contained provisions for acceleration in the event of default. The note also stated if a party defaulted or failed to comply with the terms of the note,

that party was to pay reasonable costs and attorney fees of the other party if the other party incurred such expenses in enforcing the terms of the note.

¶ 10    On December 8, 2020, the estate filed a response to Trainor's claim, in which it admitted that Trainor held a mortgage on the property described in the claim, the original principal balance was $112,069.92, the mortgage contained a term imposing interest on the principal balance, and Trainor had correctly stated the dates the mortgage was executed and recorded. The estate otherwise denied the allegations in Trainor's claim.

¶ 11    On January 21, 2021, the estate filed a response to Trainor's "Motion for Setting Aside of Deed and Sale of Real Estate." The estate asserted that the deed was properly delivered and effectively transferred the real estate it described to the trust. The estate also argued that Trainor was not entitled to attorney fees under the mortgage or the note because he had not given the decedent or her heirs notice of acceleration pursuant to the terms of the note.

¶ 12    On January 22, 2021, Barbara filed a "Motion to Dismiss Motion for Setting Aside of Deed and Sale of Real Estate." In the motion, Barbara alleged that the deed conveyed a parcel of land that included both the property secured by the mortgage as well as other property that was not encumbered by the mortgage. Barbara alleged that, in the claim he filed in the probate proceedings, Trainor had only sought payment of $47,151.42 plus interest and had not requested attorney fees or any other relief. She alleged that the time had passed for filing new claims against the estate. Barbara further alleged that Trainor lacked standing as a creditor because he had received payment of the full amount he sought in his claim against the estate. Barbara argued that the deed effectively transferred the property it covered to the trust such that the property did not belong to the decedent's estate.

¶ 13    On February 3, 2021, Trainor filed a response to Barbara's motion to dismiss, arguing that the deed was not delivered pursuant to applicable law.

¶ 14    On April 30, 2021, a hearing was held on Barbara's motion to dismiss. At the hearing, Trainor's attorney indicated that the mortgage debt had been paid on December 2, 2020, and that Trainor only sought attorney fees and costs. Trainor's counsel stated that he had been discussing a settlement amount with Bertram regarding attorney fees but they had not reached an agreement. Bertram acknowledged that he had received billing invoices from Trainor's attorney but stated that he had not discussed the matter with the heirs.

¶ 15    After hearing arguments of the parties on Barbara's motion to dismiss, the court stated that it believed attorney fees were warranted "[f]rom an equity standpoint." The court directed the parties to confer regarding the attorney fees. The court stated that it would listen to the parties' recommendations concerning attorney fees at a subsequent hearing. The court continued the matter for a case management conference. The court stated that it was continuing the motions as well.

¶ 16    On July 2, 2021, a hearing was held. The trial court noted at the outset that the heirs had satisfied Trainor's mortgage. The court then dismissed Barbara's motion to dismiss. The court stated that all that remained before it was the issue of attorney fees. The parties indicated they had not reached an agreement on attorney fees. The court asked to see documentation of the attorney fees Trainor requested. The court's comments during the hearing indicate that it viewed attorney fee invoices during the hearing, but the invoices do not appear in the record on appeal.

¶ 17    Barbara objected to the trial court considering the issue of attorney fees because the matter had been set for a status hearing, there was no petition for attorney fees pending

before the court, and Trainor had not included a claim for attorney fees in his claim against the estate. The trial court stated that it had informed the parties at the last hearing that it wanted to discuss attorney fees. The court noted that Trainor's "Motion for Setting Aside of Deed and Sale of Real Estate" requested "such other and further relief as may be deemed just." Trainor's counsel confirmed he was seeking fees based on the above-quoted language. Trainor's counsel stated that he was seeking attorney fees in the amount of $6656.08. Barbara noted that the trial court had stated at the last hearing that it was considering Trainor's claim for attorney fees based on principles of equity. The court stated: "If I did, I misspoke. I'm not doing this under equity. That would not be proper."

¶ 18 Bertram stated that the estate would accept the trial court's ruling as to what attorney fees were proper. He also argued that the deed did effectively transfer the parcel to the trust such that the estate had no assets with which to pay the attorney fees. Trainor's counsel contended that the deed did not effectively transfer the parcel.

¶ 19 After hearing further arguments from the parties, the court stated that it would rule on Trainor's "Motion for Setting Aside of Deed and Sale of Real Estate." Barbara objected on the basis that there had been no hearing on that motion. The court granted the motion and ordered the estate to pay attorney fees to Trainor in the amount of $6275.

¶ 20 On July 6, 2021, Barbara filed a motion to vacate the orders entered on July 2, 2021, on the basis that the parties did not receive notice that a hearing on the "Motion for Setting Aside of Deed and Sale of Real Estate" would be held. Barbara requested that the court reconsider and rehear the matters decided at the July 2 hearing or, alternatively, modify the orders entered at that hearing.

¶ 21 On August 2, 2021, Bryan filed a motion to vacate, reconsider, or modify the orders entered on July 2, 2021.

¶ 22 On September 3, 2021, a hearing was held on Barbara's and Bryan's motions to vacate and reconsider. The trial court denied the motions.

¶ 23 On October 4, 2021, Bryan filed a notice of appeal indicating he wished to appeal the judgments of July 3, 2021, and September 3, 2021. However, although Bryan indicated that he was appealing an order entered on "July 3, 2021," we assume he intended to appeal the orders entered on July 2, 2021, as no orders were entered on July 3, 2021.

¶ 24 II. ANALYSIS

¶ 25 On appeal, Bryan, as a self-represented litigant, argues (1) "755 ILCS 5/18-4 when used creates Estoppel and Latches [*sic*] within the probate case," (2) the trial court violated his right to due process in various ways, and (3) Trainor's counsel and the trial court engaged in improper procedures and bad-faith conduct. In the conclusion to his brief, Bryan requests that this court find the proceedings in the trial court after December 3, 2020, to be void. Bryan states that "reversing, remanding, or vacating to return to the trial court would be nothing more than another round of the State of Illinois shaking-down [*sic*] the Borrower, and her heirs." We proceed to address each of Bryan's three arguments in turn.

¶ 26 A. Bryan's First Argument

¶ 27 Bryan titles the first argument in his brief: "755 ILCS 5/18-4 when used creates Estoppel and Latches [*sic*] within the probate case." As with most of Bryan's brief, this portion of his argument is largely disjointed and difficult to decipher. Bryan uses the terms "latches" [*sic*] and "judicial estoppel" throughout the argument and also claims that the trial court lacked subject-matter jurisdiction. We will first address Bryan's claim concerning subject-matter

jurisdiction and will then turn to what are ostensibly claims concerning *laches* and judicial estoppel.

¶ 28                                    1. *Subject-Matter Jurisdiction*

¶ 29        Bryan argues that the trial court lost subject-matter jurisdiction over the issue of the estate's debt to Trainor after the mortgage was paid on December 2, 2020, because Trainor no longer had standing or a petition on file with the court. He cites several statutes concerning pleading requirements in support of this argument. Bryan argues that because the court lacked subject-matter jurisdiction, it did not have authority to award attorney fees to Trainor or question the transfer of the deed. He contends that all proceedings after the mortgage was satisfied were void.

¶ 30        "Where jurisdiction is lacking, any resulting judgment rendered is void and may be attacked either directly or indirectly at any time." *People v. Davis*, 156 Ill. 2d 149, 155 (1993). " '[S]ubject matter jurisdiction' refers to the power of a court to hear and determine cases of the general class to which the proceeding in question belongs." *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 334 (2002). "With the exception of the circuit court's power to review administrative action, which is conferred by statute, a circuit court's subject matter jurisdiction is conferred entirely by our state constitution." *Id.* This jurisdiction extends to "all justiciable matters." Ill. Const. 1970, art. VI, § 9. "Generally, a 'justiciable matter' is a controversy appropriate for review by the court, in that it is definite and concrete, as opposed to hypothetical or moot, touching upon the legal relations of parties having adverse legal interests." *Belleville Toyota*, 199 Ill. 2d at 335. "In other words, the *only* consideration is whether the alleged claim falls within the general class of cases that the court

has the inherent power to hear and determine. If it does, then subject matter jurisdiction is present." (Emphasis in original.) *In re Luis R.*, 239 Ill. 2d 295, 301 (2010).

¶ 31    In the instant case, Trainor's claim against the estate for principal and interest on the loan, his claim for attorney fees, and his "Motion for Setting Aside of Deed and Sale of Real Estate" were justiciable matters. These matters fell "within the general class of cases that the court has the inherent power to hear and determine." *Luis R.*, 239 Ill. 2d at 301. Thus, the Illinois constitution conferred subject-matter jurisdiction on the trial court. See *Belleville Toyota*, 199 Ill. 2d at 334. No alleged failure by Trainor to comply with statutory provisions could deprive the court of subject-matter jurisdiction. See *Steinbrecher v. Steinbrecher*, 197 Ill. 2d 514, 530 (2001) ("[A] a circuit court is a court of general jurisdiction, which need not look to the statute for its jurisdictional authority.").

¶ 32                    2. *Laches and Judicial Estoppel*

¶ 33    Bryan refers to "latches" [*sic*] and "judicial estoppel" throughout the first argument in his brief. However, he fails to explain how the doctrines of *laches* and judicial estoppel apply in this case. Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020) provides that the argument in an appellant's brief "shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on."

> "A reviewing court is entitled to have issues clearly defined with pertinent authority cited and coherent arguments presented; arguments inadequately presented on appeal are [forfeited]. [Citation.] Statements unsupported by argument or citation of relevant authority do not merit consideration on review. [Citation.] A reviewing court will not become an advocate for, as well as the

judge of, points the appellant seeks to raise." *Vernon Hills III Limited Partnership v. St. Paul Fire & Marine Insurance Company*, 287 Ill. App. 3d 303, 311 (1997). See also *Enadeghe v. Dahms*, 2017 IL App (1st) 162170, ¶ 23 ("We note that this court is not a repository for an appellant to foist the burden of argument and research.").

¶ 34　Unfortunately, Bryan's arguments concerning *laches* and judicial estoppel are simply indecipherable. While we understand the difficulty a self-represented litigant often faces in presenting reasoned arguments on appeal, attempting to address Bryan's arguments here would require us to assume the position of both advocate and judge, something we cannot do. See *Vernon Hills*, 287 Ill. App. 3d at 311. Accordingly, we find that Bryan has forfeited review of these points by failing to present an adequate argument on appeal.

¶ 35　　　　　　　　　　　　　　B. Due Process

¶ 36　Bryan also claims that "[t]he [decedent] and her heirs" were denied their right to due process and an evidentiary hearing on July 2, 2021. Bryan sets forth nine claims of due process violations. We find these claims are conclusory and are unsupported by citations to relevant authority. Several of the claims contain no citations to authority at all. Other claims contain citations to irrelevant authority or authority that is only tangentially related to the claims. None of the authority cited by Bryan supports the position that the purported errors provide a basis for this court to declare all proceedings in the trial court after December 3, 2020, were void, which is the only relief Bryan requests in his brief.

¶ 37　Because Bryan's due process claims do not contain citations to relevant legal authority or fully developed arguments, we again determine that we cannot address his claims without improperly becoming an advocate for the points he is attempting to raise. See *Vernon Hills*, 287 Ill. App. 3d at 311. Accordingly, we find these claims have been forfeited. See Ill. S.

Ct. R. 341(h)(7) (eff. Oct. 1, 2020); *Enadeghe*, 2017 IL App (1st) 162170, ¶ 23; *Vernon Hills*, 287 Ill. App. 3d at 311.

¶ 38                    C. Improper Procedures and Bad-Faith Conduct

¶ 39          Finally, Bryan argues that the trial court and Trainor's counsel engaged in improper procedures and bad-faith conduct. Specifically, Bryan contends that the trial judge violated Rules 61, 62, and 63 of the Code of Judicial Conduct (Ill. S. Ct. R. 61 (eff. Oct. 15, 1993), Ill. S. Ct. R. 62 (eff. Oct. 15, 1993), Ill. S. Ct. R. 63 (eff. Dec. 16, 2020)). Bryan contends that the resident circuit judges of McLean and Livingston Counties violated Rules 61 and 62 of the Code of Judicial Conduct for failing to prevent the trial judge's "abuse." Bryan also contends that Trainor's counsel engaged in misconduct prohibited by Rule 8.4(a), (b), (d), and (f) of the Illinois Rules of Professional Conduct of 2010 (eff. Jan. 1, 2010).

¶ 40          We find that Bryan's claims of professional misconduct are inappropriately brought in this appeal. They do not provide a basis for vacating the judgment of the trial court and are not properly before this court. Neither the Code of Judicial Conduct nor the Illinois Rules of Professional Conduct of 2010 provide a basis for civil liability. Ill. S. Ct. Code of Judicial Conduct, Preamble (eff. Aug. 6, 1993); Ill. R. Prof'l Conduct (2010), Preamble (eff. Jan. 1, 2010). Rather, both are intended to provide a structure for regulating conduct through disciplinary agencies. Ill. S. Ct. Code of Judicial Conduct, Preamble (eff. Aug. 6, 1993); Ill. R. Prof'l Conduct (2010), Preamble (eff. Jan. 1, 2010).

¶ 41                              III. CONCLUSION

¶ 42          For the reasons stated, we affirm the trial court's judgment.

¶ 43          Affirmed.