THE BOARD OF COMMISSIONERS OF THE BOLINGBROOK PARK DIS-
TRICT *et al.*, Plaintiffs, v. THE COUNTY OF WILL *et al.*, Defendants
(Moss & Bloomberg, Petitioner-Appellant; The Board of Education of Reed-
Custer Community Unit School District No. 255-U *et al.*, Respondents-Ap-
pellees).

Third District   No. 3—86—0555

Opinion filed April 13, 1987.

Harvey J. Barnett & Associates, Ltd., of Chicago (Harvey J. Barnett, of counsel), for appellant.

Stuart L. Whitt and Susan S. Russo, both of Matthews, Dean, Simantz, Hem & Whitt, P.C., of Aurora, for appellees.

JUSTICE WOMBACHER delivered the opinion of the court:

In June of 1981 the law firm of Moss & Bloomberg filed a complaint against the Will County treasurer and the County of Will. The action sought to enjoin the defendants' practice of retaining interest earned on taxes extended and levied by the plaintiff class members, from the time of receipt by defendants to the time of disbursement to the plaintiff class members. The complaint challenged the defendants' practice as being illegal under Illinois statutes and the 1970 Constitution of the State of Illinois. Moss & Bloomberg brought similar suits in Cook, Du Page and Lake counties on behalf of municipal bodies in those counties.

The trial court dismissed the complaint in the Will County case. On November 5, 1982, this court held, in an unpublished order (case No. 82—0140), that the complaint in that action did state a cause of action; the decision rested upon a prior appellate court decision re-

garding the similar suit which had been filed in Du Page County and appealed to the second appellate district.

Subsequent to this court's ruling, the Du Page case was taken on appeal from the appellate court to the Illinois Supreme Court. During the pendency of the case before the supreme court, the County of Will appealed this court's decision regarding the complaint filed in the Will County circuit court. During this time, Moss & Bloomberg engaged in negotiations with the Will County State's Attorney's office which resulted in an agreed order. The trial court entered summary judgment in favor of the plaintiff class and ordered an accounting of the undistributed tax monies.

As a consequence of the actions brought in the various circuit courts, the Illinois Supreme Court held that the defendants were liable to the plaintiffs for the interest earned on collected but undistributed tax monies from May 27, 1983. *Board of Commissioners of the Wood Dale Public Library District v. County of Du Page* (1982), 107 Ill. App. 3d 409, 437 N.E.2d 923, *aff'd* (1983), 96 Ill. 2d 378, 450 N.E.2d 332, *appeal after remand* (1983), 119 Ill. App. 3d 1085, 457 N.E.2d 1291, *rev'd in part* (1984), 103 Ill. 2d 422.

As a result of the decision of the Illinois Supreme Court, a fund was created in the approximate aggregate amount of $2,100,000. Moss & Bloomberg and the Will County State's Attorney agreed to settle on attorney fees for $272,500, approximately 12.98% of the estimated fund. The fees settled on by the State's Attorney and Moss & Bloomberg came to $250 an hour for 1090 hours billed. A notice issued from the trial court providing that a hearing was to be held on March 12, 1986, for determining whether the proposed orders were fair, reasonable, and adequate and should be finally approved by the court. Two objectors, representing 13% of the fund, filed objections prior to the March 12 hearing. Subsequently Moss & Bloomberg and the parties agreed to settle the fee claim for $218,000, which amounted to $200 an hour.

On March 18, 1986, the Will County Bar Association appeared before the trial court and filed a petition to intervene as *amicus curiae.* Thereafter the court refused to approve the reasonableness of the settlement reached on the fee issue. Moss & Bloomberg's motions for change of venue and objection to the partisan nature of the *amicus curiae* were denied.

On May 27, 1986, the trial judge determined that a trial was needed to settle the fees issue. At the trial the judge concluded that because the Will County case was merely one of four cases, and not the lead case, the amounts paid to Moss & Bloomberg had already re-

warded them adequately for the contingent nature of the case. Moss & Bloomberg had previously received $200 an hour for a total of $575,000 in the Du Page County case, $240 an hour for a total of $428,000 in the Cook County case, and was to receive $381 an hour for a total of $376,000 in the Lake County case. Although the trial court recognized that substantial future benefits would accrue to the taxing bodies, it found that the benefit arose mainly due to the Du Page County case, where most of the litigation really took place. Because of the court's determination that the cases in Lake, Cook, Du Page, and Will counties were part of a single piece of litigation, it held that the common legal issues essential to the entire litigation package had been accounted for and reimbursed adequately in the previously settled fee cases.

The Will County trial court ultimately held that 809 hours were spent on the case rather than the 1090 hours that Moss & Bloomberg had asserted. It set the appropriate rate at $90 an hour. For the 550 hours put in on the case prior to this court's November 5, 1982, decision, the firm was given a multiplier of two, which amounted to $90,900. For the portion of the litigation occurring subsequent to this court's decision, the firm was awarded no multiplier and the court held that 259 hours had been expended. The total judgment came to $114,210.

Moss & Bloomberg appeals the trial court's decision to order a full adversarial trial on the fees issue rather than a settlement hearing. The firm also contends that the court's finding on the fee amount was in error.

■ Initially, we hold that the trial court's decision to hold a trial on the fees issue was proper. The fee taken in a class action is dependant upon the court's sound discretion, and the trial permitted development of evidence by cross-examination and resolution of the factual disputes likely to arise.

The Illinois Supreme Court has discussed the elements that ought to be considered in awarding fees to the plaintiff's attorneys who have succeeded in recovering a fund for the benefit of the class that they represent. *Leader v. Cullerton* (1976), 62 Ill. 2d 483, 343 N.E.2d 897; *Fiorito v. Jones* (1978), 72 Ill. 2d 73, 377 N.E.2d 1019.

●2 Analysis of both *Leader* and *Fiorito* indicates the court should consider the following criteria in fixing the appropriate hourly charge for services rendered in each specific case:

    (1) the skill and qualifications of the attorneys;

    (2) the nature of the services performed;

    (3) the complexity of the undertaking; and,

(4) the hourly fee charged for similar services by attorneys with similar skills and qualifications.

The hourly rates determined by the court are then to be multiplied by the number of hours expended, and the product obtained is referred to as the "lodestar computation."

■ Then, in recognition of additional factors, the trial court, in its discretion, may increase the lodestar computation, or a portion thereof, by applying a weighted multiplier commensurate with the value which the court attributes to two factors: (a) "the contingent nature of the undertaking" and (b) "the benefits conferred upon the class." In the case at bar, the trial court gave a multiplier of two for legal services rendered prior to this court's November 5, 1982, decision. Thereafter no multiplier was allowed because the court determined the contingent nature of the case no longer existed. It noted, however, that the benefit conferred upon the class was far-reaching. We find that the trial court failed to adequately grasp the long-term impact and future benefits this litigation has yielded for the class. The trial court's actions do not reflect the guidance mandated by State Supreme Court decisions in this area. In *Fiorito* and in *Lurie v. Canadian Javelin, Ltd.* (1982), 93 Ill. 2d 231, 443 N.E.2d 592, the court has consistently stressed the importance of the benefit to the class in awarding attorney fees.

■ In the case at bar, we find that the future distribution of tax revenues on a timely basis will reduce the taxing bodies' need to engage in tax-anticipation financing or issue tax-anticipation warrants. Furthermore, the instant case has brought an immediate benefit to the class which distinguishes it from the cases in the other counties. Summary judgment was entered against the plaintiff class in the Du Page and Lake county cases and an appeal ensued. In the instant case, Moss & Bloomberg obtained a certification of the class and reached agreement with the State's Attorney which allowed summary judgment on behalf of the plaintiff class. The 370 hours billed for this work was cut down to 259 hours and given no multiplier, in effect not recognizing the benefit conferred upon the class. Additionally, we note that the consolidation of the circuit court suits was prohibited by the actions of the various State's Attorneys involved. The State's Attorneys refused to hold their cases in abeyance so that the plaintiff class might proceed in one forum. We conclude that it was improper to withhold a multiplier for the hours billed and adequate compensation has been denied the attorneys who have initiated this significant litigation and negotiated such a beneficial settlement for this class.

■ We acknowledge that the trial court has wide discretion in

awarding attorney fees, subject to the requirement that the award be fair and reasonable. The discretion permitted a trial court is, however, predicated on the assumption that the trial judge has carefully considered the factors described above and that he has heard testimony and examined statements prepared by the attorneys substantiating the value of the benefits received by the plaintiff class and the hours expended by the attorneys on the case. In class actions, the wide range of discretion given to the trial court makes it all the more important that the court clearly set out the effect of each factor considered in leading it to decrease the award and relative weight it assigns to each factor in reaching a final determination. *Lindy Brothers Builders, Inc. v. American Radiator & Standard Sanitary Corp.* (3rd Cir. 1973), 487 F.2d 161 (Lindy I).

■ In the instant case we note that the trial court found at least a 30% factor of hours was duplicative and excessive. It held that the 250 legal issues that Moss & Bloomberg asserted were researched were excessive. The only basis for that determination appears to be that the trial court was satisfied that the fees recovered in the companion circuit court cases were adequate compensation to the firm for the legal issues researched. However, it is well settled that the court must provide reasons justifying the particular cut in hours or fees imposed. (*Henry v. Webermeier* (7th Cir. 1984), 738 F.2d 188.) Where the record is not specific as to what factors the trial judge deemed important in making his award, there can be no basis for adhering to the rule of discretion. (See *Ellis v. Flying Tiger Corp.* (7th Cir. 1972), 504 F.2d 1004.) We are unable to review specifically what was found to be duplicative work in the underlying litigation and which issues bore no relation to the litigation. Further, we note that an attorney may indeed charge for research on issues not litigated, but anticipated. Ultimately, we are not able to sustain the trial court's determination.

■ A thorough review of the record reveals that the trial court's decision to so substantially reduce the previously settled fee was in error. The task of translating the benefit obtained into a dollar term is most difficult, but we find no justification for such a gross reduction in fees where such a substantial benefit has been conferred. The evidence present in the record coupled with the trial court's lack of specificity in the holding lead us to conclude that the fee amount arrived at was unreasonably low in light of the reasons expressed above.

We believe that the most equitable result in the case at bar would be to set the attorney fees at $218,000, the figure settled on prior to the intervention of the Will County Bar Association as *amicus curiae*. That settlement was not collusive or fraudulent and it was guided by

judicial oversight. Due consideration should be extended to the opinion and judgment of the counsel who produced the original settlement figure.

For the foregoing reasons we reverse the decision of the Will County circuit court and remand this case with directions to enter an order setting the attorney fees at $218,000.

Reversed and remanded with directions.

STOUDER and SCOTT, JJ., concur.