DOMINIC F. SHORTINO et al., Indiv. and on Behalf of All Persons Similarly Situated, Plaintiffs-Appellants, v. ILLINOIS BELL TELEPHONE COM-PANY, Defendant-Appellee (Business and Professional People for the Public Interest et al., Intervening Plaintiffs-Appellees and Cross-Appellants; Sidney Z. Karasik et al., Appellants and Cross-Appellees; Leonard Handmacher et al., Cross-Appellees).

First District (3rd Division)   Nos. 1—92—3104, 1—93—4337 cons.

Opinion filed April 17, 1996.

CERDA, J., dissenting.

Robert L. Jones, Jr., and Howard A. Learner, both of Chicago, for appellees/cross-appellants.

Joseph R. Curcio, Ltd., of Chicago, for cross-appellee Leonard E. Handmacher.

Joseph L. Goldberg, of Chicago, for cross-appellee Seymour Schriar.

JUSTICE ZWICK delivered the opinion of the court:

This is a cross-appeal from a circuit court judgment awarding attorney fees to attorneys Leonard Handmacher and Seymour Schriar in a class action. The history of the underlying case is set out in *Shortino v. Illinois Bell Telephone Co.*, 207 Ill. App. 3d 52, 565 N.E.2d 170 (1990). Only the fees awarded to Handmacher and Schriar are now at issue.

Intervening plaintiffs, Business and Professional People for the Public Interest, the Midland Hotel Corporation, Eugene Pekow, Kathryn Tholin, and Ron Stevens, challenge the attorney fees awarded as excessive and based on an erroneous legal standard. The objectors assert that the trial court (1) erred in determining the reasonableness of the hours claimed and the hourly rate awarded to attorneys Handmacher and Schriar; (2) violated the legal standards established in *Fiorito v. Jones*, 72 Ill. 2d 73, 377 N.E.2d 1019 (1978), and *Waters v. City of Chicago*, 95 Ill. App. 3d 919, 420 N.E.2d 599 (1981), by improperly placing the burden of proof on the objectors; and (3) failed to base its ruling upon evidence in the record. After carefully reviewing these claims, we affirm the decision of the trial court.

Class counsel, including Handmacher and Schriar, filed a fee petition and legal memorandum requesting $7.5 million in attorney

fees based on 25% of an approximately $30 million common fund recovery. Following several objections by intervening plaintiffs and other plaintiff class members, the trial court ordered class counsel to submit detailed documentation of tasks performed and hours expended. Ultimately, class counsel submitted an "Amended Statement of Tasks," which described the specific legal services provided to the class and the amount of time expended in rendering those services. In addition, Handmacher and Schriar submitted affidavits relative to the number of hours they had each expended.

Relying on *Fiorito*, the trial court rejected the percentage-based attorney fees award sought by class counsel and analyzed the fee request under a lodestar analysis.[1] The trial court ultimately awarded $1.5 million in fees to Handmacher and Schriar, which was based on a $350 hourly rate for all work performed with a multiplier of two.

■ With regard to the reasonableness of Handmacher and Schriar's time records, we note that the objectors declined to inspect the time records upon which Handmacher and Schriar based their summary, even after being encouraged to do so by the trial court. At the June 28, 1992, fee hearing, the objectors did not question the accuracy of Handmacher and Schriar's time entries or the veracity of their affidavits. They merely challenged whether the hours claimed were duplicative of attorney Sidney Karasik's hours. For this reason, the objectors' first issue is waived. Similarly, the objectors' arguments regarding whether the trial court improperly placed the burden of proving unreasonableness on the objectors was waived by their failure to timely raise this claim below. See *Burke v. 12*

---

[1] At the time of Handmacher and Schriar's request for attorney fees, *Fiorito* prevented class counsel from claiming a percentage of the class fund as a reasonable fee. Instead, counsel was required to calculate his or her fees based upon the "lodestar" method outlined in *Fiorito*. See *Fiorito*, 72 Ill. 2d at 90.

During the pendency of this appeal, our supreme court issued its opinion in *Brundidge v. Glendale Federal Bank, F.S.B.*, 168 Ill. 2d 235 (1995). In *Brundidge*, the court held that a trial judge is vested with discretionary authority to choose between a percentage or lodestar method when determining the amount of fees to be granted plaintiff's counsel in common fund class action litigation. *Brundidge*, 168 Ill. 2d at 243-44. Because Handmacher and Schriar have not appealed the trial court's decision to deny them a percentage recovery, however, they have waived any possible claim under *Brundidge*. See *Herron v. Anderson*, 254 Ill. App. 3d 365, 371, 626 N.E.2d 1035 (1993) ("If a party fails to file a cross-appeal raising as an issue an adverse finding, then that party has waived that issue because he has not effectively preserved it for review").

*Rothschild's Liquor Mart, Inc.*, 148 Ill. 2d 429, 437, 593 N.E.2d 522 (1992); *People v. Enoch*, 122 Ill. 2d 176, 188, 522 N.E.2d 1124 (1988); *Tokar v. Crestwood Imports, Inc.*, 177 Ill. App. 3d 422, 434, 532 N.E.2d 382 (1988).

The objectors' third argument is that the trial court's decision to award $350 per hour as part of its lodestar computation is unsupported by the record. They claim the $350 per hour "across-the-board" fee is legally erroneous because it violates *Fiorito*'s "requirement" that the hourly rate reflect the nature of the individual tasks performed. In support of this claim, objectors point out that Handmacher and Schriar included tasks in their amended statement of tasks such as shepardizing citations, doing basic factual and legal research, filing and serving notices of depositions, and conducting basic discovery. Objectors claim that Handmacher and Schriar did not show that attorneys of similar experience, skill, and qualification customarily charge $350 per hour for such services. At the very least, the objectors argue that the trial court abused its discretion in not awarding a lower "blended" rate for the overall services performed.

■ Our standard of review in this case is clear. It is settled law that a reviewing court must not conduct a *de novo* review of the fee petition to allow objectors a second opportunity to question reasonableness. We properly review only the question of whether the trial court abused its discretion in awarding attorney fees. *Lurie v. Canadian Javelin Ltd.*, 93 Ill. 2d 231, 239, 443 N.E.2d 592 (1982); *Langendorf v. Irving Trust Co.*, 244 Ill. App. 3d 70, 81 (1992); *Harris Trust & Savings Bank v. American National Bank & Trust Co.*, 230 Ill. App. 3d 591, 598 (1992).

■ Contrary to the objectors' claims, there is ample evidence in this record to support a fee award of $350 per hour. The trial court established a $350-per-hour rate based upon affidavits from Sidney Kaplan, which stated that a $350- to $450-per-hour rate was reasonable based upon Handmacher's and Schriar's experience and reputations. Donald Morrison, Robert F. Lisco and Frank J. Mackey each testified in support of a $350 hourly rate for co-counsel Karasik's work. Morrison testified that he had been billed $350 per hour by Karasik. All of the attorneys filed affidavits stating that they charged $350 per hour.

We also reject the objectors' claim that the trial court improperly awarded an "across-the-board" hourly rate of $350 per hour. Despite the objectors' argument, the court's opinion in *Fiorito* states only that a trial court "may" award different hourly rates according to the categories of services performed, not that the trial court is "required" to do so. *Fiorito*, 72 Ill. 2d at 90; see also *Lindy Brothers Builders, Inc. v. American Radiator & Standard Sanitary Corp.*, 487

F.2d 161, 167 (3d Cir. 1973). We know of no precedent requiring that the trial court choose between awarding differing hourly rates to an attorney based upon the nature of the specific tasks he or she has performed or face reversal by a reviewing court. Instead, the court in *Fiorito* wisely avoided mandating differing hourly rates, allowing the trial court to do so as a matter of its sound discretion. To require that different hourly values be set for each of the many tasks performed by the attorneys in this case would place an oppressive burden on both the litigants and the trial court. Indeed, if we were to accept the argument that differing hourly rates are required in common fund cases, it is possible that the hours spent on bill preparation and fee litigation could rival the hours spent on the underlying legal work.

We also reject the objectors' argument that a "blended rate" lower than $350 per hour is required under these facts. Even if we assume that it is improper to charge the same rate for tasks such as reading cases, shepardizing citations and conducting discovery as for appearing in court, negotiating settlements or drafting legal memoranda, there is evidence in this record to support a rate as high as $450 per hour for Schriar and Handmacher's time. It therefore appears that the $350-per-hour rate awarded by the trial court already represents a "blended rate" for the overall services performed in this case.

It is settled that it is improper to reverse the trial court's award of attorney fees unless the trial court's award is manifestly or palpably erroneous. *In re Estate of Marks*, 74 Ill. App. 3d 599, 393 N.E.2d 538 (1979). In *Board of Commissioners of the Bolingbrook Park District v. County of Will*, 154 Ill. App. 3d 395, 506 N.E.2d 1044 (1987), the court noted that, once an attorney has put forth evidence of a reasonable fee, "the court must provide reasons justifying [a] particular cut in [the] hours or fees imposed." *Board of Commissioners*, 154 Ill. App. 3d at 400. The objectors put no evidence in the record that would convincingly counter the fee claim of either Handmacher or Schriar. *Cf. Board of Commissioners of the Bolingbrook Park District v. County of Will*, 154 Ill. App. 3d 395, 506 N.E.2d 1044 (1987). Accordingly, the trial court's fee award was proper.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

CAHILL, J., concurs.

JUSTICE CERDA, dissenting:

I respectfully dissent. Unlike the majority, I believe that the trial court abused its discretion in awarding an across-the-board hourly rate of $350 to attorneys Handmacher and Schriar. That fee was unreasonable because it violates the requirement in *Fiorito v. Jones*, 72 Ill. 2d 73, 90, 377 N.E.2d 1019 (1978), that the hourly rate must reflect the nature of the tasks performed. Handmacher and Schriar presented no evidence of the reasonableness of the $350-per-hour fee nor did they show that attorneys of similar experience, skill, and qualification customarily charge $350 per hour for the same services, which included shephardizing citations, doing basic factual and legal research, filing and serving notices of depositions, and conducting basic discovery. The typical class action case involves a litigation team of lawyers with different levels of experience, who are compensated at different hourly rates that are consistent with their experience and regular rates. As a result, the different hourly rates should have been assigned to different tasks or a lower blended across-the-board rate should have been awarded to reflect the variety of tasks performed.

As to the reasonableness of the $350 hourly fee, the trial court cited the affidavits filed by Handmacher and Schriar testifying that they regularly charge $350 an hour. The court concluded as follows:

"Considering the experience of counsel as presented in the affidavits, the Court has no evidentiary basis upon which to reduce the requested hourly rate for Attorneys *** Handmacher [and] Schrier [*sic*]."

In determining reasonable attorney fees in class action common fund cases, the trial court first determines the lodestar, which is the multiplication of the hours properly spent on the case by a reasonable hourly rate of compensation for the attorneys involved. *Fiorito*, 72 Ill. 2d at 90. The trial court is not only to inquire into the total hours expended that benefited the unnamed class members, but also to determine in what manner the time was expended (*e.g.*, court appearance, research, writing, discovery) and by whom (*e.g.*, senior or junior partners, associates or law clerks). *Fiorito*, 72 Ill. 2d at 89. In considering the number of hours expended by the attorneys, the trial court disallows time spent that did not benefit the class members (*Fiorito*, 72 Ill. 2d at 89), then makes an independent determination whether the hourly total is reasonable.

Once the court has determined the number of hours that benefit the class, it must then value the services by fixing a reasonable hourly rate for each attorney, taking into account the nature of the services performed, the complexity of the undertaking, and the hourly fee charged for similar services by attorneys with similar skills and

qualifications. *Fiorito*, 72 Ill. 2d at 90; *Leader v. Cullerton*, 62 Ill. 2d 483, 491-92, 343 N.E.2d 897 (1976). The factors to be considered are: (1) time expended; (2) attorney's skills and qualifications; (3) magnitude and complexity of the undertaking; (4) benefit conferred on the class; (5) contingent nature of fee; and (6) amount of prior governmental action in support of the class. *Leader*, 62 Ill. 2d at 489.

The court must carefully weigh the attorney's experience and expertise and whether the hours claimed and tasks performed are reasonable in relation to the time required by other attorneys to complete similar activities. *Fiorito*, 72 Ill. 2d at 89. If the hours claimed are the result of unnecessary, duplicative work efforts or inefficiency, the court must reduce the excessive hours claimed. *Fiorito*, 72 Ill. 2d at 89; *Leader*, 62 Ill. 2d at 490-91. The court may award hourly rates that differ according to the categories of services rendered. *Fiorito*, 72 Ill. 2d at 90.

The appropriate hourly rate is then multiplied by the hours expended. The hourly rate, multiplied by the allowable hours, is called the lodestar computation because it provides the point of orientation for determining the final fee award. *Fiorito*, 72 Ill. 2d at 90.

The party seeking to recover attorney fees bears the burden of presenting sufficient evidence from which the trial court can render a decision about their reasonableness. *Harris Trust & Savings Bank v. American National Bank & Trust Co.*, 230 Ill. App. 3d 591, 595, 594 N.E.2d 1308 (1992). Once the records are submitted by the attorney and the trial court determines an hourly rate, the burden shifts to the challenger to rebut the reasonableness of the fees awarded. *Fiorito*, 72 Ill. 2d at 93.

A reviewing court does not conduct a *de novo* review of the fee petition to allow objectors a second opportunity to disprove reasonableness but will confine its review to determining whether the trial court abused its discretion in awarding the fees. *Lurie v. Canadian Javelin Ltd.*, 93 Ill. 2d 231, 239, 443 N.E.2d 592 (1982). However, where the record is not specific as to what factors the trial court deemed important in making the award, there can be no basis for adhering to the rule of discretion. *Board of Commissioners of the Bolingbrook Park District v. County of Will*, 154 Ill. App. 3d 395, 400, 506 N.E.2d 1044 (1987). A court of review should not hesitate to reduce the attorney fees awarded if its opinion is that the fees are unreasonably high. *Leader*, 62 Ill. 2d at 488.

In this case, the trial court found that the $350-per-hour fee was reasonable based on the attorneys' experience before shifting the burden for the objectors to show that the fee was unreasonable. There

776

were no factors listed in the decision other than the attorneys' general experience. Different hourly rates should have been assigned to different tasks. Just because an experienced attorney is paid $350 per hour while appearing in court, he or she should not also be paid $350 per hour for tasks that could easily be done by junior attorneys, law clerks, paralegals, or secretaries at a lower hourly rate. Three-hundred fifty dollars per hour for each and every task is unreasonably high. Thus, I would reverse the $350 hourly rate and remand this cause to the circuit court for a hearing to determine a reasonable rate lower than $350 per hour.

In light of the Illinois Supreme Court's recent decision in *Brundidge*, I believe the trial court should be given the opportunity to consider *de novo* the question of how the fees should be awarded. Illinois trial courts now may use the "percentage-of-the-award method" in determining attorney fees because of *Brundidge*. This court, sitting in review, does not share the discretion vested in the circuit court as the finder of fact. For that reason, such a decision more properly rests within the trial court's discretion. I would reverse and remand this cause.